1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

CRAIG A. BUSH,

12

Plaintiff,

13

v.

14

DEPARTMENT OF CORRECTIONS &
REHABILITATION, et al.,

15

16

Defendants.

17

No.  2:22-cv-2008 CKD (PC)

ORDER AND

FINDINGS AND RECOMMENDATIONS

18        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

19   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).  On March 3, 2023, plaintiff's complaint was dismissed with leave to amend.  Plaintiff

21   has now filed an amended complaint.

22        The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27        In order to avoid dismissal for failure to state a claim a complaint must contain more than

28   "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause

1

1   of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words,

2   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3   statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, a claim

4   upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A

5   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

6   the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S.

7   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

8   the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007), and

9   construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416

10  U.S. 232, 236 (1974).

11          As he did in his original complaint, plaintiff alleges that he has been unlawfully denied

12  parole and seeks forms of relief which are mostly predicated on a finding that he is being

13  unlawfully incarcerated.  As plaintiff was informed when the court dismissed plaintiff's original

14  complaint, release from prison must be sought in a petition for a writ of habeas corpus and not a §

15  1983 action.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

16          Plaintiff also seeks remand for a further parole hearing.  At a parole hearing in California,

17  a potential parolee has a right under the Due Process Clause to certain protections which include

18  "an opportunity to be heard" and to be "provided a statement of the reasons why parole was

19  denied." <u>Swarthout v. Cooke</u>, 562 U.S. 216, 220 (2011).  Nothing before the court suggests that

20  plaintiff was denied these protections.

21          For these reasons, plaintiff's amended complaint fails to state a claim upon which relief

22  can be granted.  As granting leave to amend a second time appears futile, the court will not grant

23  leave to amend.

24          In accordance with the above, IT IS HEREBY ORDERED the Clerk of the Court assign a

25  district court judge to this case.

26  /////

27  /////

28  /////

2

1      IT IS HEREBY RECOMMENDED that:

2      1.  Plaintiff's amended complaint (ECF No. 10) be dismissed for failure to state a claim

3 upon which relief can be granted; and

4      2.  This case be closed.

5      These findings and recommendations are submitted to the United States District Judge

6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7 after being served with these findings and recommendations, plaintiff may file written objections

8 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

9 and Recommendations."  Plaintiff is advised that failure to file objections within the specified

10 time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

11 Cir. 1991).

12 Dated:  April 4, 2023

13

14 CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15

16

17 1
bush2008.frs

18

19

20

21

22

23

24

25

26

27

28

3