UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG A. BUSH, | No. 2:22-cv-2008 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 4, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court adopts the findings and recommendations in part.

The magistrate judge found plaintiff failed to state a claim because "release from prison must be sought in a petition for a writ of habeas corpus and not a § 1983 action." F. & R. at 2,

1

ECF No. 11 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In *Preiser*, the Supreme Court held "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500.

In his objections, plaintiff argues he "is not seeking release from this court, he is seeking a rehearing due to a constitutional violation." Objs. at 2, ECF No. 12. As the magistrate judge notes, the first amended complaint does appear to challenge the duration of plaintiff's confinement as excessive. First Am. Compl. (FAC) at 3, ECF No. 10. At the same time, the complaint also appears to challenge the decisions of the Parole Board for violating his due process rights. *Id.* at 3, 6. In *Wilkinson v. Dotson*, the Supreme Court affirmed the Sixth Circuit's judgment and held prisoners could challenge the constitutional validity of the state parole-eligibility proceedings and parole suitability proceedings under section 1983. 544 U.S. 74, 76 (2005). Here, after construing plaintiff's pro se filing liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), the court finds plaintiff is challenging the parole suitability and eligibility proceedings for violating his due process rights, *see* FAC at 6; Objs. at 2–3. Accordingly, plaintiff could bring this action under section 1983.

However, as the magistrate judge notes, there is nothing in the record suggesting plaintiff was denied due process. *See* F. & R. at 2. Plaintiff is correct that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *see* Objs. at 2. However, as the magistrate judge notes, this rule demands "more than 'naked assertions,' 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'" F. & R. at 1–2 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007)). There must be "sufficient factual matter" that make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, plaintiff does not explain how his due process rights or any other rights were violated. *See generally* FAC. Rather, he concludes defendants violated his constitutional rights "by denying [him] suitability when facts in the records showed suitability." *Id.* at 3. Even under a liberal construction of the pleading, the court

2

finds plaintiff has failed to state a claim. But because the court finds plaintiff may be able to cure the deficiencies in his complaint, it grants leave to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 4, 2023, are adopted in part;

2. Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted, with leave to amend;

3. Plaintiff's amended complaint, if any shall be filed within thirty days of the date of service of this order; and

4. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings consistent with this order.

DATED: May 25, 2023.

CHIEF UNITED STATES DISTRICT JUDGE